**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SYLVIA TASCON (COLE),

   Plaintiff,

vs

                                           Case No.
                                           Hon.

WOODCRAFT SQUARE APARTMENTS,
THE SHORELINE CORPORATION,
and DEBBIE ROBERTS
jointly and severally,                           **JURY TRIAL DEMAND**

   Defendants.

_____/



**Shawndrica N. Simmons (P70608)**
SIMMONS LEGAL DBA THE LAWCHIC
Attorney for Plaintiff
77 Bagley St.
Pontiac MI 48341
(248) 732-7559 (o)
SimmonsLegal@LawChic.com
_____/



**COMPLAINT AND JURY DEMAND**

   **NOW COMES,** Plaintiff Sylvia Tascon previously Sylvia Cole, by and through her attorney Shawndrica N. Simmons, files this Complaint against Defendants Woodcraft Square Apartments, the Shoreline Corporation and Debbie Roberts, and states as follows:

**INTRODUCTION**

   This is a civil action for damages and equitable relief arising from Defendants' discriminatory actions against Plaintiff Sylvia Tascon in violation of the Civil Rights Act of 1968, the Rehabilitation Act of 1973, and the Violence Against Women Act.

**PARTIES**

Page 1 of 8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

1. Plaintiff Sylvia Tascon is a resident of Texas who, at all times relevant to this Complaint, resided at Woodcraft Square Apartments located in Monroe, Michigan.

2. Defendant Woodcraft Square Apartments is a residential apartment complex located in Monroe, Michigan.

3. Defendant the Shoreline Corporation is registered in Massachusetts but does business as Woodcraft Square Apartments out of Monroe, Michigan.

4. Defendant Debbie Roberts is/was the property manager of Woodcraft Square Apartments and, at all times relevant to this Complaint, was acting within the scope of her employment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arises under the laws of the United States, specifically the Civil Rights Act of 1968, the Rehabilitation Act of 1973, and the Violence Against Women Act.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred within this district.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

8. Plaintiff Sylvia Tascon is a survivor of domestic violence and has a disability as defined by relevant federal statutes.

9. In February 2019, Plaintiff sought emergency housing through the First Step Domestic Violence Program and expressed interest in residing at Woodcraft Square Apartments.

10. On March 5, 2019, First Step provided a verification letter to Woodcraft Square Apartments on Plaintiff's behalf.

11. Plaintiff met with Defendant Debbie Roberts on multiple occasions between April and July 2019, completing and submitting all required forms and verifications for residency.

12. Plaintiff and her four children moved into Unit #561 at Woodcraft Square Apartments in September 2019.

13. On November 11, 2019, Plaintiff was involved in a car accident resulting in significant injuries and subsequent disability.

14. Plaintiff informed Woodcraft Square Apartments of her injuries and provided a State of Michigan Disability Certificate from her doctor.

15. On November 22, 2019, Plaintiff lost her job due to absenteeism caused by her injuries.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

16. In December 2019, Woodcraft Square Apartments unlawfully increased Plaintiff's rent and charged excessive fees in violation of the signed lease agreement.

17. Plaintiff made multiple requests for reasonable accommodations due to her disability, which were denied by Defendant Debbie Roberts.

18. On January 6, 2020, Plaintiff provided additional documentation of her disability to Woodcraft Square Apartments.

19. Defendants issued a Notice of Eviction on March 10, 2020, citing false claims about Plaintiff's ex-husband living in the unit.

20. Plaintiff successfully defended against the eviction in a trial on October 13, 2020.

21. Plaintiff filed a complaint with HUD on October 14, 2020, which resulted in an investigation and findings of discrimination against Woodcraft Square Apartments. *(Exhibit 1: HUD Finding of Noncompliance)*

## COUNT I
### Violation of the Fair Housing Act (Civil Rights Act of 1968)

22. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

23. Defendants discriminated against Plaintiff on the basis of her race and disability in violation of the Fair Housing Act by subjecting her to unlawful eviction proceedings, excessive fees, and rent increases without proper recertification.

24. As a direct and proximate result of Defendants' unlawful discrimination and retaliation, Plaintiff has sustained injuries and damages.

## COUNT II
### Violation of the Rehabilitation Act of 1973

25. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

26. Defendants failed to provide reasonable accommodations for Plaintiff's disability and retaliated against her for asserting her rights under the Rehabilitation Act.

27. As a direct and proximate result of Defendants' unlawful discrimination and retaliation, Plaintiff has sustained injuries and damages.

## COUNT III
### Violation of the Violence Against Women Act

28. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

29. Defendants discriminated against Plaintiff based on her status as a survivor of domestic violence by refusing to accommodate her need for assistance from her ex-husband in caring for their children.

30. As a direct and proximate result of Defendants' unlawful discrimination and retaliation, Plaintiff has sustained injuries and damages.

## COUNT IV
### Breach of Contract

31. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

32. Defendants breached the lease agreement by unlawfully increasing Plaintiff's rent and charging excessive fees in violation of the terms of the lease.

33. As a direct and proximate result of Defendants' unlawful discrimination and retaliation, Plaintiff has sustained injuries and damages.

## COUNT V
### Intentional Infliction of Emotional Distress

34. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

35. Defendants' conduct was extreme and outrageous, intentionally causing severe emotional distress to Plaintiff.

36. As a direct and proximate result of Defendants' unlawful discrimination and retaliation, Plaintiff has sustained injuries and damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Sylvia Tascon requests that this Court:

A. Award compensatory damages in an amount to be determined at trial;

B. Award punitive damages in an amount to be determined at trial;

C. Award Plaintiff her reasonable attorneys' fees and costs;

D. Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Plaintiff demands a jury trial on all claims alleged herein.

Dated: August 6, 2024

Respectfully Submitted,
*/s/ Shawndrica N. Simmons*
Simmons Legal dba the LawChic
Attorney for Plaintiff
77 Bagley St.
Pontiac MI 48341
(248) 732-7559 (o)
(248) 268-0168 (f)
SimmonsLegal@LawChic.com
P70608

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: August 14, 2024

Respectfully Submitted,
*/s/ Shawndrica N. Simmons*
Simmons Legal dba the LawChic
Attorney for Plaintiff
77 Bagley St.
Pontiac MI 48341
(248) 732-7559 (o)
(248) 268-0168 (f)
SimmonsLegal@LawChic.com
P70608